39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Merlin GOUCHER, Petitioner-Appellant,
v.
Eddie YIST, Warden; Attorney General of California,
Respondents-Appellees.
 No. 93-56671.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Merlin Goucher appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. He contends that the prosecution knowingly used perjured testimony at his trial, and the district court erroneously denied his habeas corpus petition without an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the district court's denial of a habeas corpus petition, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993), and we affirm.
 
 
 3
 Barlow was briefly housed in the same jail cell as Goucher and testified at Goucher's trial that Goucher confessed to killing Hanley. Barlow also testified that he was not paid for his testimony. Goucher alleges that Barlow "fabricated" his testimony, and that the prosecutor knowingly used false testimony.
 
 
 4
 Goucher presented several documents to the district court in support of his petition. The first was an unsigned, undated "questionnaire," purportedly from Barlow. The second document was a letter to Goucher from the Los Angeles County District Attorney's office concerning an inmate named White, who claimed that he could obtain unauthorized information about defendants awaiting trial from law enforcement agencies. White claimed that he knew of "jailhouse informants" who obtained information in the manner he described and then fabricated testimony against defendants. The third document was an internal memorandum from the Los Angeles County District Attorney's office that noted that Barlow testified in a trial four years after Goucher's conviction. Goucher also alleges that, during his trial, the prosecutor told a police officer outside of the courtroom that he needed a witness to testify that two knives were used in the attack on Hanley.
 
 
 5
 We review for an abuse of discretion the district court's decision to deny an evidentiary hearing. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1992). "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). Habeas relief is available if the government knowingly uses perjured testimony to obtain a conviction. Napue v. Illinois, 360 U.S. 264, 269 (1959); see also Thomas v. Cardwell, 626 F.2d 1325, 1381 (9th Cir.), cert. denied, 449 U.S. 1089 (1980).
 
 
 6
 None of Goucher's documents support his perjured testimony claim. Even if we assume that Barlow was the source of the questionnaire, Barlow does not state in that document that his testimony at Goucher's trial was false. The questionnaire implies that government officials paid Barlow, but does not specify why or when he was paid. Goucher does not explain how the questionnaire shows the prosecution's knowing use of perjured testimony. The letter from the Los Angeles County District Attorney states that the district attorney's office did not know if Barlow employed White's technique in order to obtain information and testify falsely. The memorandum did not state that Barlow testified falsely, either at Goucher's trial or at the trial four years after his. Finally, the prosecutor's statement does not show that he used perjured testimony. Because Goucher has not stated facts or made specific allegations entitling him to habeas relief, the district court did not err by denying Goucher an evidentiary hearing. See Napue, 360 U.S. at 269; Norris, 878 F.2d at 1180; see also Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing unnecessary where allegations are conclusory and lack specificity), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 7
 We do not address the claim, raised for the first time on appeal, that the trial court erred by allowing the prosecution to present rebuttal evidence. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3